Good morning, Your Honors. Eduardo Martorell from the law firm of Martorell Law, APC, Counsel for Appellant Balmuccino, LLC, a California limited liability company. Your Honors, this is about whether to apply California law or Washington law with regard to equitable tolling. We contend that it was an error to decide this issue on a Rule 12b6 motion in the Washington District Court because we need to determine whether the significant relationship test requires application of California law or Washington law, and that is intrinsically a necessarily requires discovery because it's a fact-intensive exercise. Your Honors, equitable tolling is about the pursuit of justice, and that's all we're looking for in this case. All we want is the Court to hear our case on the merits. And sometimes, especially in David v. Goliath cases like this one, it's been my experience having worked at big firms and small firms that Goliaths are given a little too much deference, and this case is a prime example. Question. Practically speaking, yes. This case starts out in California. You file your complaint there. The California District Court, the California Court says no jurisdiction in California. You appeal that rather than go file your case in Washington. Why? Because until the end of my days, I've been practicing 19 years now, until the end of my days, I'll think that was the wrong decision. We have so many California ties here. We have – let's just start with Even when you get to the Court of Appeals in California, they say you don't have enough ties. I agree. I mean, I agree they said that, but I really disagree. We have four residents who formed a California entity. They did the ideation. They came up with the idea in California. They developed the product in California. They developed marketing materials in California. They marketed from California. They spent all their time, energy, and funds in California. So the locus of what was stolen? 100% indisputably California. So the LLC was registered there. The principal office is in California. 90% of the communications occurred with my client talking to Starbucks from California. Now, the biggest meeting took place in New York, and I'll get to that. Starbucks has just under 10% of its stores in California. So, quote from their declaration, of 30,848 stores, 3,034 are located in California. That's a direct quote from excerpt of record page 25, the declaration of Starbucks' Victoria Woo. The problem with all that, it kind of proves that the injury took place in California, but as far as tort is concerned, it sounds like the tort itself was committed elsewhere. Well, we don't know that, and that's exactly why we're here. We need the district government. Yeah. So that's my question. The district court relied on the California case that we were just talking about to say that the uncontroverted evidence before us is that the sip kid lip gloss, as well as the entire promotional campaign, were created, developed, and launched in Washington, not in California. So I have two questions. One, is it appropriate to rely on those, the California court's factual determination, to dispute any of that? Absolutely. First, that's an unpublished opinion. It's an unpublished opinion, so it should not be cited to. Well, it's the case. It's this case. I agree. I agree. But it's not, how can they determine that without engaging in discovery? Starbucks says, quote, the Starbucks product development and marketing teams are in Seattle, along with all other Starbucks corporate functions. The teams are in Seattle. It doesn't mean things happen in Seattle. They didn't say, we came up with this idea, which is trade secret theft, is what we're alleging. We came up with this idea in Seattle. They don't say that. They don't say the product was developed in Seattle or Washington, and in fact, if given the chance to amend, which we're seeking reversal, not amendment, but if given the chance to amend, we would allege that a supplier contacted our client and said, hey, Starbucks just called me, and that supplier's in Minnesota. So these are all issues that we need to discover. But then again, that doesn't really help California. Well, there's significant ties to California, and I could keep going with the California ties, and that's what the significant relationship test is all about. I think you could clearly prove injury in California. The question is, can you, the torts in California, and I haven't seen anything to show that yet. Well, torts are about where the injury occurred, right? And well, they could move. I mean, it doesn't have to be the same. The locus of the harm doesn't have to be the locus of the injury. Well, the locus of the harm is Starbucks has no bigger interest in California stores. Just about 10% of their stores are in California. That's more than any state in the United States. That's more than any jurisdiction in the world. California is their number one jurisdiction. So the harm injured my client in California, indisputably. All four members of the LLC are there. Again, the principal office is there. I won't go into it again. You've heard enough about our ties to California. We don't know where they misappropriated our trade secrets. They are saying our marketing team and our product development teams are in Seattle. That, I mean, we need depositions. They also say the guy who came up with the idea, supposedly in Seattle, didn't know anything about the New York meeting. I'd love to cross-examine that person, right? And so let's get into the case law, because the case law holds, number one, any statute of limitations decision, you need to look at the complaint liberally. And that's Javelin v. Dean Witter, page 44 of our brief is where we cite it. And Supermail Cargo v. United States on page 45 of our brief, these are both Ninth Circuit decision — decisions, holds that a complaint cannot be dismissed per statute of limitations on statute of limitations grounds unless no set of facts establish timeliness. So what that's saying is when you're applying equitable tolling — let me cite another case, Cervantes v. City of San Diego, cited on page 44 of our opening brief, another Ninth Circuit case, says that equitable tolling is not amenable to resolution under a 12b6 motion because it implicates matters beyond the pleadings. So where did — what we do know is California has major ties. What we don't know is how this product — how Starbucks allegedly came up with the same idea, how — where it was developed, by whom, who came up with it — well, one person — Isn't that the problem, then? If you don't know who, what, where, then that doesn't involve Twombly. No. I mean, I think it does. Twombly stands for the proposition that it's — You have to plausibly allege — Plausibly, yes. Yes. And you have to plausibly allege jurisdiction, too. And I don't — if you can't say who, what, where, then how can you even do that? We have our theory of who, what, where. Our theory of who, what, where is we went to New York, they heard our idea, they loved it, they stole it, and then we don't know how they stole it. That's where — so it satisfies Twombly, because plausibly, we gave them the exact same idea, and then a year or so later, the same idea is released by Starbucks, right, and produced. So do we satisfy the plausibility of Twombly and Iqbal? I think hands down. Okay, then even as you assume that, how do you get beyond collateral estoppel with the California State Court? Collateral estoppel is there's no decision on the merits. There was no discovery taken in the California State Court either. This was dismissed on the very first motion for personal jurisdiction. And so there's no weighing of evidence. There's no discovery that took place. I would love to cross-examine this person who said he came up with the idea. I hear that with all due respect to Starbucks in every trade secret dispute I've ever handled, right? Oh, we came up with this idea independently. You're wrong. I'm curious. Is there a case that says that dismissal on personal jurisdiction grounds is not a decision on the merits? I mean, I don't know, one way or the other. Well, it's deciding the merits of jurisdiction in that forum. So it doesn't decide any merit of the case. It doesn't decide whether there was trade secret theft. It doesn't decide any of the facts that we need a trier of fact to decide. And we're just looking for a court to say, let's take this on. And bringing it back to the substantial relationship test, we saw this in Mays v. Leipziger, which is a Ninth Circuit decision we cite on page 37 of our opening brief. And it's essentially this case, right? The plaintiff, Susan New York, because she's located there, she's found not to have jurisdiction. She sues in California too late because the statute of limitations has run, and equitable tolling is applied. Now, there has not been one day that we have not had an active case against Starbucks. In fact, we just filed in New York because we're like, come on, somebody's got to hear this, right? So this is what equitable tolling is all about. It's the pursuit of justice where all we need is a court to hear our case. And it's never been heard on the merits. And that's what fairness is all about. It's like, hey, okay, you went to the wrong forum, according to California, not according to me. You went to the wrong forum first, so now we're going to apply fairness tolling, basically, and say, Starbucks has never thought this case was going away. They had no reason to let evidence go stale. They had no reason to lose contact with witnesses. So it's fair for this to be heard. And if the Washington court just allows us to take discovery, we could then have a meaningful analysis under the substantial relationships test. And under the substantial relationships test, we believe with the full facts, it would be even clearer that California law should apply. And if California law applies, I mean, it's pretty slam dunk. The three factors are timely notice. Counsel, do you want to reserve some time for rebuttal? Sure. Please. Thank you. May it please the court, Robert Mitchell of K&L Gates for Starbucks. What's undisputed in this case is that the plaintiffs filed their action against Starbucks in Washington after the statute of limitations had run. What's also is that there's no basis for statutory tolling in this case, and that under the Washington law of equitable tolling, plaintiffs cannot go forward. They concede that. Their argument is that California law, rather than Washington law, should be applied. To prevail on that argument, they have to show three things. First, a difference that is fundamental in nature between California and Washington law on equitable tolling. I think they have established that. But then that just gets us to the tests that are laid out in Washington law for conflicts, and whether or not Washington would apply its own law, which it would presumably do, or California law turns on the contacts, both the quality and the quantity of contacts, with the respective jurisdictions. But even beyond that, and the plaintiff's best case is that they're inconclusive. Then you look at the policies of the respective jurisdictions, and in particular, what is the policy of the forum state with respect to equitable tolling? We heard a lot about California's law of equitable tolling. We heard nothing about the policy underlying the Washington statute, Washington doctrine of equitable tolling, and that is a fundamental question here. On the issue of contacts, Judge Chun did a very thorough job of looking at the restatement tests that are applicable under Washington law to examine where contracts can be said to have contacts and where tort claims have contacts. With respect to contracts and the Cameron case, the place of performance is the critical thing, along with the location of the subject matter. After the meeting in New York, the subject matter of this dispute was with the Starbucks employees, who are all based in Seattle. If you look at Excerpt of Record 26, the Bates Declaration, he explains that the decision to run this marketing campaign for the SIP kits was conceived and executed in Seattle. The SIP kit, by the way, was never sent to California. There were only 10 SIP kits ever distributed, and the winners were in eight U.S. states, not California, and two Canadian provinces, B.C. and Ontario. There was never any sale of this SIP kit anywhere. So there were no winners in California and no SIP kits ever went to California. The place of performance was in Seattle, and that's the only location that has contacts with the dispute from a contract standpoint. Well, why wouldn't the plaintiff be entitled to some discovery on all that? Well, Your Honor, the plaintiffs, had they timely filed their case in Washington, would presumably have been able to take discovery on the issue. But by the time they came to Washington, the statute of limitations had run. Well, why can't they have limited discovery on the purpose of jurisdiction? Well, they didn't ask for that, Your Honor, but more than that, if they wanted to actually explore the Washington witnesses on that subject, they should have brought a claim in Washington after they'd been told that California courts did not have jurisdiction. Judge Collins is absolutely right about that. That should have been a red flag and a flashing red light. And even after the Court of Appeal decided, they waited until five days before the mandate issued, by which time the statute of limitations had run. On the tort side, this is Section 145 of the restatement, you look at the place where the injury occurred. And they say the injury occurred in California because they were in California. But that is purely fortuitous. The marketing campaign that they are challenging here took place throughout the U.S. and Canada. And the place where the injury occurred would presumably be where the winners were located, none of them in California. If they wanted to assert damages arising from the distribution of the SIP kits, presumably they would look beyond California because none of them went there. And then under Washington law, you look at where the conduct occurred that was the source of the injury. And there's no dispute here that conduct was in Washington, none of it in California. But even assume for a moment that they were right and that the outcome of the context analysis was inconclusive, then you would look at the policy interests of the jurisdictions in question with respect to equitable tolling. That's what Restatement Section 6 says. Roberts. Before you get there, I had a question about the collateral estoppel issue. If, you know, so California courts clearly determined that all of this was developed in Washington, not in California. But it was on the motion to or on a jurisdictional question, but to get a to have collateral estoppel, it has to be on the merits. Does that do we apply collateral estoppel to that California decision? Your Honor, I've looked at that issue carefully, and I've come to the conclusion that the issue was actually litigated in California, but we don't have a final judgment in California to which collateral estoppel consequences attach. Okay. So the decision by the California Court of Appeal and the underlying decision by the trial court are instructive here. They are not preclusive. Thank you for that. So let me talk a little bit about policies. In California, equitable tolling is broadly applied to avoid harsh results. And the courts actually say that if the legislature doesn't like that, the legislature needs to amend the statutes of limitation to eliminate the possibility. In Washington, the policy judgment is very different. And specifically, courts honor the policy determinations made by the state legislature. This is explained clearly in the 2022 case of Fowler v. Garin, which, as the court knows, addresses and confirms the Washington rules of equitable tolling. In Fowler v. Garin, here's what the Washington Supreme Court said about the issues relevant to equitable tolling. First, equitable tolling is an extraordinary form of relief from the statutes that are adopted by the legislature. And those statutes, and I quote, reflect the public policy of the state, close quote. It goes on to say that the statutes of limitation reflect the importance of finality and settled expectations in our civil justice system. A statutory time bar is a legislative declaration of public policy which the courts can do no less than respect. It goes on to say, and I quote, recognizing the policy underlying statutes of limitation, this court has cautioned against broadly applying equitable tolling in a manner that would substitute for a positive rule established by the legislature, a variable rule of decision based upon individual ideas of justice. It's that such a departure must be rare for those general rules to have their intended effect. This court, and I'm quoting again, has followed the standard set out in Malay, which has the four different tests, because it appropriately balances the demands of justice against the important principles underlying statutory limitation periods. This is on page 507. And that standard ensures that equitable relief does not contradict the public policy announced by a coordinate branch of government. Finally, and I quote, by allowing equitable tolling upon a showing that the defendant engaged in bad faith, false assurances, or deception, the Malay standard properly recognizes that a defendant should lose the benefits of finality provided by statutes of limitation only when that defendant has engaged in conduct that justifies making an exception. You're saying there's no allegation here of any bad conduct on behalf of Starbucks, other than stealing the secret in the first place? Right. The bad conduct would have to relate to the conduct in the litigation or that followed the alleged bad conduct. And by the way, the SIP kit was glossy lip glosses, which are lipstick cosmetic products. What we are alleged to have stolen is the idea for a lip balm, which is transparent and meant for medicinal purposes. Put that all aside, Starbucks, the defendant in this case, did not engage in conduct that would justify making exception to the statute of limitations. Washington's strong public policy favoring the application of statutes of limitation and approving exceptions only in rare circumstances, not present here, reinforces the careful context analysis performed by Judge Chun, and like that analysis compels a conclusion that they should not be allowed to proceed. Does the court have any other questions? Judge Gould? No. Okay. Thank you. Thank you, counsel. Thank you, Your Honors, and may it please the Court. I'd like to start by talking about HIVU v. Plotkin, which is cited on page 38 of our opening brief. There, the Ninth Circuit held that equitable tolling applies when several remedies are available to a plaintiff and in good faith they pursue one. Now, I, again, until the end of my career will believe that suing in California was the right thing to do, and so it was absolutely good faith. And importantly, that court also said that equitable tolling is to be liberally applied when a plaintiff files in the wrong forum. That's exactly what happened here. And again, I don't concede that it was the wrong forum, but, you know, the court was— I do at this point. Yeah, I do. You're right. I do concede it was the wrong forum. But point being, yeah, I'll move on. Okay. So, importantly, zero policies that underlie the statute of limitations apply here, right? It's all about having certainty. Again, Starbucks has never had a day when we don't have an active case against them, so they've never had certainty. Evidence growing stale. Again, they have declarations from people. They undoubtedly have prepared the defense for this case. And again, the case has never not been active against them, so there's no reason for the evidence to have grown stale. So those are the two key policy points behind statute of limitations, and neither apply, importantly. So I want to go to a case called PTP One Click v. Alivera, which was cited on page 25 of our brief. And that case stands for the proposition that choice of law is a fact-intensive process that does not lend itself to a 12b-6 determination. And that's why discovery should take place as— Did you ask for limited discovery for jurisdictional purposes? I'd have to look, Your Honor, but it's also implicit in if you're dismissing a case at the pleading stage, you're not getting discovery. So it's basically a right that we should have under this case law that is not being provided to us. Can I just ask, assuming Washington law applies, is there any allegation of bad faith that you can make against Starbucks to satisfy it? There isn't. It would be slam-dunk in their favor on that one. Thank you for that confession. Yeah, that's why it's so important that we get discovery to analyze under the substantial relationship test for the court after we take maybe some depositions of people and some written discovery. After the court gathers facts, really, this should be decided on a motion for summary judgment. So this should be reversed. The motion to dismiss should be denied, and we should move into discovery. But even if, as Your Honor noted, the discovery were limited, we would be — you know, that's what we're looking for. And it aligns with the policy underlying equitable tolling. I'm going to quote from McDonald v. Antelope Valley Community College District, which we cite to on page 36 of our opening brief. And it says that one of the main policies is to prevent injustice and technical forfeitures of the right to a trial on the merits when the purpose of the statute of limitations, timely notice to the defendant of the plaintiff's claims, has been satisfied. That's this case. So I also want to move on to addressing some of the points Starbucks' counsel raised. And you heard him say that there weren't that many kits — again, this is the type of stuff I'd love to cross-examine them on — that all the marketing — or, sorry, that all the — it was a sweepstakes. So this product is about marketing. It's about, hey, come get your Frappuccino. You might win one of these lip glosses. And so the marketing took place across Starbucks stores. What does that mean? The marketing happened most — the sweepstakes was most important in California. Just because somebody didn't happen to win one of the 10 prizes there, that's just random. But it had a strong effect in California. And — Counsel, you're over your time if you want to start wrapping up. Okay. Just the key decisions, you know, we don't know who made them. We don't know where they were. We would love to look into that. And so the lip gloss versus lip balm distinction is not really one that I think is important. But, Your Honors, at the end of the day, what we're looking at is equitable tolling, is a policy that should be applied with liberality. And that — and it's also not one that is to be conducted on pleadings. It is one that is factually intensive. And therefore, we request that reversal take place and this case be allowed to enter discovery. And if they believe that the statute of limitations is still applied, they reserve that argument and they can continue making that argument. But really, it should be determined after facts come out. Thank you very much. Thank you, Counsel. This case is submitted. The next case for argument is Fulmer versus
judges: GOULD, BUMATAY, Collins